**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 02, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: April 02, 2008**

**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-17109 |
| | ) | |
| KIRK W. GLANZER and | ) | Chapter 7 |
| KAREN J. DODSON-GLANZER, | ) | |
| | ) | Judge Arthur I. Harris |
| Debtors. | ) | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtors' unopposed motion for an order awarding damages for violation of the automatic stay pursuant to 11 U.S.C. § 362. According to the debtors, creditor Check Into Cash continued collection efforts against the debtors despite being made aware of the debtors pending bankruptcy case. For the reasons that follow, the Court awards actual damages of $656.25 under 11 U.S.C. § 362(k)(1) and declines to award punitive damages provided that Check Into Cash pays the award of $656.25 on or before

---

[1]This memorandum of opinion is not intended for official publication.

April 25, 2008.

## JURISDICTION

This Court has jurisdiction to determine this matter under 28 U.S.C. § 1334 and General Order No. 84 entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2007, the debtors filed their bankruptcy petition. They made a telephone call and a personal visit to Check Into Cash to inform it of the petition. On September 23, 2007, the Bankruptcy Notification Center mailed a notice of the filing to creditors, including Check Into Cash. (Docket #5). On October 5, 2007, the debtors' attorney also called Check Into Cash to notify it of the filing. In spite of the calls and the notices, on October 9, 2007, Check Into Cash called the debtors asking for payment. It called them again on the next day, October 10, 2007. On October 12, 2007, the debtors' attorney filed a motion for an order to show cause why Check Into Cash should not be held in civil contempt for failure to comply with the automatic stay. (Docket #8). Check Into Cash failed to respond to the motion.

On December 21, 2007, the Court issued an Order to Show Cause and set an

evidentiary hearing for February 13, 2008. (Docket #18). No one appeared on behalf of Check Into Cash in response to the Court Order. On February 13, 2008, the Court issued an Order requesting debtors' attorney to supplement the record and indicate the hours she spent attempting to make Check Into Cash comply with the automatic stay. (Docket #29). On March 13, 2008, the debtors' attorney filed her supplement to the motion. (Docket #33). In her supplement she indicated that Check Into Cash's collection efforts continued after it had actual notice of the filing, and even after the attorney had made a personal call. She further indicated that the collection efforts did not stop until she filed and served the motion for an order to show cause. In the supplement to the motion she listed attorney's fees, in connection with Check Into Cash's violations, in the amount of $656.25.

## DISCUSSION

The Court may impose damages for violation of the automatic stay under 11 U.S.C. § 362. The filing of a bankruptcy petition gives rise to the automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Subsection 362(k)(1) (formerly subsection 362(h) prior to the 2005 bankruptcy amendments) provides:

. . . an individual injured by any willful violation of a stay provided by this

3

> section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

*See In re Sharon,* 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (upholding a bankruptcy court's imposition of damages against a creditor that refused to return a repossessed car postpetition).

Under 11 U.S.C. § 362(k)(1), the individual seeking damages has the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages. *See Clayton v. King (In re Clayton)*, 235 B.R. 801, 806-7 & n.2 (Bankr. M.D.N.C. 1998); *see also In re Pawlowicz,* 337 B.R. 640 (Bankr. N.D. Ohio 2005); *Hampton v. Yam's Choice Plus Autos, Inc. ( In re Hampton),* 319 B.R. 163, 170-71 (Bankr. E.D. Ark. 2005). The debtors' unopposed motion establishes all three elements.

Under the first element, even if a creditor is initially unaware of the automatic stay, the creditor has an affirmative duty to stop or correct actions that continue to violate the stay once the creditor is made aware of the stay. *See In re Roberts*, 175 B.R. 339, 343 ( B.A.P. 9th Cir. 1994)("[A] garnishing creditor has an affirmative duty to stop garnishment proceedings when notified of the automatic stay."); *accord In re Johnson*, 253 B.R. 857 (Bankr. S.D. Ohio 2000); *Sucre v.*

4

*MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340 (Bankr. S.D.N.Y. 1998); *Lord v. Carragher (In re Lord)*, 270 B.R. 787, 793 (Bankr. M.D. Ga. 1998); *In re Timbs*, 178 B.R. 989, 996-97 (Bankr. E.D. Tenn. 1994).

In this case, Check Into Cash had actual notice from the Bankruptcy Notification Center, the debtors, and the debtors' attorney. It was only after the debtors' attorney was forced to file a motion to show cause that the creditor ceased collection efforts. Check Into Cash has provided the Court with no evidence that it was unaware of the filing, nor has it disputed the allegation that it was notified. Its collection efforts after notification were in violation of the automatic stay.

Under the second element of subsection 362(k), the individual seeking damages has the burden of establishing by a preponderance of the evidence that the violation of the automatic stay was willful. *See Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir. 2007) ("The debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation.").

As noted above, a willful violation of the automatic stay entitles the injured debtors to recover actual damages, including costs and attorney's fees and, if appropriate, punitive damages. 11 U.S.C. § 362(k)(1). A violation of the automatic stay is "willful" so long as the creditor had notice of the bankruptcy filing. *In re*

*Sharon,* 234 B.R. at 688. "As used in [current subsection 362(k)], 'willful,' unlike many other contexts, does not require any specific intent." *In re Bivens*, 234 B.R. 39, 42 (Bankr. N.D. Ohio 2004); *see In re Sharon*, 234 B.R. at 687-88 ("A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act."); *see also Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); *Lansdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.),* 977 F.2d 826, 829 (3d Cir. 1992).

Check Into Cash has known since at least late September, 2007, that the debtors filed a bankruptcy petition. Check Into Cash willfully violated the automatic stay when it refused to discontinue contact with the debtors even after multiple, and repeated, notifications by the debtors and the debtors' attorney.

As to the third element, "[a]n award of damages is mandatory under [current subsection 362(k)] when a violation of the automatic stay is found to be 'willful'." *In re Bivens*, 324 B.R. at 42; *see also In re Johnson*, 253 B.R. at 861. Costs and attorney's fees are regularly awarded as actual damages from violations of the stay. *Cf. United States v. Harchar*, 331 B.R. 720 (N.D. Ohio 2005) (actual damages for willful violation of stay do not include intangible damages for emotional distress). A damage award must be supported by the evidence, rather than speculation and

6

conjecture. *Archer v. Macomb County Bank*, 853 F.2d 497, 499 (6th Cir. 1988).

The debtors' attorney has filed such evidence in the form of a fee application, to which Check Into Cash did not respond. In her fee application, debtors' attorney enumerated the costs and fees associated with Check Into Cash's repeated violations of the stay as $656.25.

## CONCLUSION

For the foregoing reasons, the Court awards actual damages under 11 U.S.C. § 362(k)(1) in the amount of $656.25 and declines to award punitive damages provided Check Into Cash pays the award of $656.25 on or before April 25, 2008.

IT IS SO ORDERED.